IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CASSAUNDRA ELLENA, | ) | Case No. 12-5401 SC |
| | ) | |
| Plaintiff, | ) | ORDER DENYING MOTION TO FILE |
| | ) | THIRD AMENDED COMPLAINT |
| v. | ) | |
| | ) | |
| STANDARD INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## I.  INTRODUCTION

Plaintiff Cassaundra Ellena ("Plaintiff") brings this action against Defendant Standard Insurance Company ("Defendant") in connection with Defendant's denial of Plaintiff's claim for disability benefits. Plaintiff's Second Amended Complaint ("2AC"), the operative pleading in this matter, asserts causes of action for breach of contract and breach of the covenant of good faith and fair dealing (bad faith), among other things.[1] Plaintiff now moves for leave to file a Third Amended Complaint ("3AC") that would add

---

[1] The 2AC is currently buried in an undifferentiated mass of more than one thousand pages of documents filed in connection with Defendant's notice of removal. See ECF No. 6 (Vanna Decl. Part 2 of 4) at 57-83 ("2AC").

a cause of action for declaratory relief. ECF No. 32 ("Mot."). Defendant has filed an opposition brief, but Plaintiff has not filed a reply. ECF No. 33 ("Opp'n"). This matter is appropriate for determination without oral argument. Civ. L.R. 7-1(b). For the reasons set forth below, the Motion is DENIED.

## II. BACKGROUND

The following facts are taken from the 2AC. Defendant contracted to provide disability insurance to the employees of the County of Sonoma (the "County"). SAC ¶ 6. Plaintiff, an employee of the County, suffers from lupus "and/or other medical conditions." SAC ¶ 9. On April 16, 2010, Plaintiff ceased work with the County due to her medical condition and subsequently submitted a claim for disability benefits to Defendant. Id. ¶ 10. On August 27, 2010, Defendant denied Plaintiff's claim, and on November 18, 2010, Defendant denied Plaintiff's appeal. Id. ¶ 12.

In the 2AC, Plaintiff asserts that Defendant's denials were erroneous and without merit because she is "totally disabled" from her own occupation under the terms of her policy (the "Policy"). Id. ¶¶ 9, 14. The 2AC asserts several causes of action, including breach of contract and bad faith. As part of her bad faith claim, Plaintiff asserts that the Policy's definition of "any occupation" and "own occupation" violate California law. Id. ¶ 15d.

Plaintiff initially brought this suit against Defendant and several other parties in state court. After several rounds of demurrers, Plaintiff amended her complaint twice and some of the defendants were dismissed. Defendant subsequently removed, asserting that the dismissal of the California defendants resulted

2

in complete diversity of citizenship among the remaining parties to the case.

After removal, Plaintiff moved to amend her pleading. Plaintiff's proposed 3AC would add a new cause of action for declaratory relief, which asks the Court to find that the Policy's definition of disability "violated California law at the time it was issued in 1999, at the time it was sold to the County of Sonoma in 2003, and at all times thereafter." ECF No. 32-2 ("3AC") ¶ 16. Specifically, Plaintiff takes issue with how the Policy defines what it means to be disabled from one's "own occupation" and from "any occupation." The "own occupation period" covers the first twenty-four months for which long term disability benefits are paid. 3AC Ex. A ("Policy") at 2. The "any occupation period" extends from the end of the own occupation period to the end of the so-called "maximum benefit period." Id.

Plaintiff claims that the Policy's "own occupation" definition impermissibly "define[s] the insured's actual occupation to be an occupation that is substantially less rigorous and demanding in time, job duties and other functional requirements." Id. ¶ 20. As to "any occupation," Plaintiff claims that the Policy impermissibly allows Defendant to "deny disability benefits to an insured if there exists only one position of employment available thousands of miles from her residence," among other things. Id. ¶ 21.

### III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a)(1), a party may amend its pleading as a matter of course within twenty-one days after serving it or twenty-one days after the filing of a

responsive pleading or a Rule 12(b), (e), or (f) motion. Thereafter, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) provides that courts should "freely give leave [to amend] when justice so requires," and the Ninth Circuit has stressed Rule 15's policy of favoring amendments. Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989). However, leave need not be granted "where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay." Id. "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988).

**IV. DISCUSSION**

There does not appear to be any dispute over whether Plaintiff's proposed amendments will result in undue prejudice or undue delay, or whether Plaintiff is acting in bad faith. However, Defendant does argue that Plaintiff's proposed amendments are futile because Plaintiff is not entitled to declaratory relief under any set of facts.

The Declaratory Judgment Act ("DJA") allows a district court to "declare the rights and other legal relations of any party seeking such declaration, whether or not further relief is or could be sought," but only "[i]n a case of actual controversy." 28 U.S.C. § 2201(a). Declaratory relief is appropriate: "(1) when the judgment will serve a useful purpose in clarifying and settling the

legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." McGraw-Edison Co. v. Preformed Line Prods. Co., 362 F.2d 339, 342 (9th Cir. 1966), cert denied 385 U.S. 919 (1966). Declaratory relief provides "a means by which rights and obligations may be adjudicated in cases 'brought by any interested party' involving an actual controversy that has not reached a stage at which either party may seek a coercive remedy and in cases where a party who could sue for coercive relief has not yet done so." Seattle Audubon Soc. v. Moseley, 80 F.3d 1401, 1405 (9th Cir. 1996). Thus, the DJA is intended to "allow earlier access to federal courts in order to spare potential defendants from the threat of impending litigation." Id. Courts in this circuit have held that declaratory relief is unnecessary "where an adequate remedy exists under some other cause of action" or "where the plaintiff seeks to redress past wrongs rather than a declaration as to future rights." Valle v. JP Morgan Chase Bank, N.A., 11-CV-2453-MMA WMC, 2012 WL 1205635, at *10 (S.D. Cal. Apr. 11, 2012).

    Here, it is unclear how Plaintiff's proposed claim for declaratory relief will serve a useful purpose in clarifying Plaintiff's rights with respect to the Policy. In her motion, Plaintiff argues that an action for declaratory relief is an appropriate means for the Court to decide the "purely legal issue" of whether the Policy's definition of "disability" violates California law. Mot. at 13. Plaintiff further argues that taking up the issue is "pragmatic" since the definition of "disability" is central to Defendant's denial of Plaintiff's disability claim. Id.

at 17. However, as Defendant points out in its opposition brief, the legality of the Policy language is already at issue in Plaintiff's claims breach of contract and breach of the covenant of good faith and fair dealing. Plaintiff declined to file a reply brief or otherwise address this argument. Indeed, in her moving papers, Plaintiff concedes that she "has asserted at the outset and throughout the lawsuit that the 'Own Occupation' and 'Any Occupation' provisions . . . . violate California law." Id. at 17. Since Plaintiff's proposed claim for declaratory relief is redundant and duplicative of her other claims, the Court finds that her proposed amendment would be futile.[2]

## V. CONCLUSION

For the foregoing reasons, Plaintiff Cassaundra Ellena's motion for leave to file an amended complaint is DENIED.

IT IS SO ORDERED.

Dated: June 24, 2013

UNITED STATES DISTRICT JUDGE

---

[2] Nothing in this Order precludes Plaintiff from arguing that the Policy's definitions of "own occupation" or "any occupation" are contrary to California law in connection with her other claims.