UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CASSAUNDRA ELLENA, | No. C 12-05401 SC (LB) |
| Plaintiff, | **ORDER REGARDING THE PARTIES' DECEMBER 13, 2013 JOINT DISCOVERY DISPUTE LETTER BRIEF** |
| v. | |
| STANDARD INSURANCE COMPANY et al., | [Re: ECF No. 86] |
| Defendants. | |

## INTRODUCTION

Plaintiff Cassaundra Ellena worked for the County of Sonoma starting in 2008 until she stopped working in April 2010 based on her medical condition. Second Amended Complaint ("SAC"), ECF No. 6, ¶ 10.[1] She submitted a claim for disability benefits to Defendant Standard Insurance Company, which contracted to provide disability insurance to County employees. *Id.* ¶ 6. Standard Insurance denied Ms. Ellena's claim and appeal, and this lawsuit challenges that determination. *Id.* ¶ 12.

The parties now dispute whether Ms. Ellena should be allowed to serve a revised report by her expert, Randy Sugarman. 12/13/2013 Letter, ECF No. 86. The court held a telephonic hearing on

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronically-generated page number at the top of the document.

ORDER
C 12-05401 SC (LB)

December 19, 2013. Based on the record before the court, the applicable legal authority, and the parties' arguments at the hearing, the court orders that Ms. Ellena may serve the revised report, Standard may depose Mr. Sugarman in Los Angeles (where Standard's counsel is located), and Ms. Ellena will bear the costs associated with that deposition (including the costs of producing Mr. Sugarman and the costs of the reporter). Standard may serve a rebuttal expert report if necessary.

**STATEMENT**

Ms. Ellena hired Randy Sugarman, CPA, as an expert to review Standard's net worth and financial condition and to provide testimony about her possible compensatory and punitive damages. 12/13/2013 Letter, ECF No. 86 at 2. Ms. Ellena timely served his original expert report (the "First Sugarman Report") on October 23, 2013. *Id.*; *see also* Status Conference Order, ECF No. 31 at 1 (setting November 20, 2013 as the deadline for all discovery to be completed). Ms. Ellena emailed Standard an "updated" expert report (the "Second Sugarman Report") on November 4, 2013. 12/13/2013 Letter, ECF No. 86 at 4. At Mr. Sugarman's deposition, Ms. Ellena served Standard with yet another version of the expert report (the "Third Sugarman Report"). *Id.* At that deposition, Mr. Sugarman testified that financial information in his report came from public filings of Standard's parent company, StanCorp Financial Group, Inc. ("StanCorp"). *Id.* He further testified that he did not break out the information specific to Standard because he did not have that information. *Id.* Immediately after the deposition, Mr. Sugarman revised his report to include his review of financial information specific to Standard. *Id.*

On November 21, 2013, two days after Ms. Sugarman's deposition and one day after discovery closed, Ms. Ellena emailed Standard yet another version of the expert report (the "Fourth Sugarman Report"). *Id.* The email stated: "Attached is a revision to Mr. Sugarman's report incorporating the information from Standard Insurance Company which should have been included in his original report. If you believe you need to re[-]depose Mr. Sugarman on this revision we will make him available at your office at our expense. Please advise." *Id.* at 2-3.

For various reasons, Standard did not immediately respond to Ms. Ellena's email. In any case, Standard does object to Ms. Ellena being allowed to serve the Fourth Sugarman Report. The parties filed a joint discovery letter brief on the issue on December 13, 2013. The court held a hearing on

the matter on December 19, 2013.

## ANALYSIS

### I. LEGAL STANDARD

Parties must disclose expert testimony "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). An expert disclosure must be accompanied by a written report that includes: "(i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them." Fed. R. Civ. P. 26(a)(2)(B). A party should supplement its expert disclosure in a timely manner if its learns the disclosure is materially incomplete or incorrect, and the corrective information has not otherwise been made known to the other parties. Fed. R. Civ. P. 26(e). This rule does not allow parties to supplement their reports with information that was available prior to the disclosure deadline. *See Salgado by Salgado v. General Motors Corp.*, 150 F.3d 735 (7th Cir. 1998) (upholding district's court exclusion of untimely expert report despite counsel's explanation that the report was preliminary).

"When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1).

If a party fails to comply with the disclosure rules, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c) (1); *see also Torres v. City of Los Angeles*, 548 F.3d 1197, 1212 (9th Cir.2008) ("We have explained that Rule 37(c)(1) gives teeth to this requirement by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed."). It is plaintiffs' burden to show that the failure to comply with Rule 26(a) is substantially justified or harmless. *Torres*, 548 F.3d at 1213 (burden is on the party facing the sanction to demonstrate that the failure to comply with Rule 26(a) is substantially justified or harmless; the other party is not required to articulate how he would be prejudiced.).

## II. APPLICATION

Ms. Ellena makes several arguments in favor of her being allowed to serve the Fourth Sugarman Report even though the discovery deadline has passed. She argues that good cause and excusable neglect exists for her to serve the report because she could not have anticipated the need to revise it until she learned, for the first time, at Mr. Sugarman's November 19, 2013 deposition that Mr. Sugarman had not reviewed financial information for Standard. She says that the error was not apparent from reading the previous versions of the expert report, which refer to Mr. Sugarman's review of financial information related to both Standard and StanCorp. She also points out that as soon as she learned of the error, she quickly had Mr. Sugarman revise his report and reached out to Standard about the situation. Ms. Ellena also argues that she would be prejudiced if she is not allowed to serve the Fourth Sugarman Report. She points out (correctly) that without this information, she will have a harder time arguing for punitive damages.

Standard offered a litigation context for the issue, particularly in its arguments at the hearing. The short version is that its litigation strategy was advanced by Mr. Sugarman's deposition.

In the end, the expert report was predicated on a fact error: Mr. Sugarman relied only StanCorp's information and not Standard's. Given that Mr. Sugarman's previous deposition took only one hour and counsel's representations that another deposition likely would take about the same time, the court's holding is that it is appropriate to allow Ms. Ellena to serve the Fourth Sugarman Report and to allow Standard to depose him again.

Accordingly, Ms. Ellena may serve the Fourth Sugarman Report, must produce Mr. Sugarman in Los Angeles for an additional deposition, and must pay the costs associated with the deposition, including the costs for transporting Mr. Sugarman to the deposition and the cost for the court reporter. The parties will discuss the appropriateness of any further costs and represented on the record that they thought they could work it out. If, after receiving the Fourth Sugarman Report, Standard believes that it needs to serve a rebuttal expert report, it may do so.

**CONCLUSION**

This disposes of ECF Nos. 86.

**IT IS SO ORDERED.**

Dated: December 19, 2013

LAUREL BEELER
United States Magistrate Judge