IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASSAUNDRA ELLENA, | ) Case No. 12-5401 SC |
| Plaintiff, | ) ORDER RE: MOTIONS IN LIMINE |
| v. | ) |
| STANDARD INSURANCE COMPANY, | ) |
| Defendants. | ) |

**DEFENDANT'S MOTIONS IN LIMINE**

1. Motion to exclude all references to Defendant's pre-tax income.

GRANTED.

2. Motion to exclude all references to the financial condition of Defendant's parent company.

GRANTED.

3.   Motion to bifurcate issues of liability and damages.

DENIED.

4.   Motion to exclude any evidence not disclosed or produced in discovery.

DENIED without prejudice as overbroad.

5.   Motion to limit expert witness testimony and evidence to opinions set forth in their Rule 26 reports and depositions.

DENIED without prejudice as overbroad.

6.   Motion to exclude evidence of dismissed claims.

GRANTED.

7.   Motion to exclude evidence regarding Department of Insurance accusations, market conduct examinations, or settlements involving other insurers.

GRANTED.

8.   Motion to exclude any experts at trial not disclosed by Plaintiff.

1 GRANTED.

3   9.   Motion to exclude any evidence and argument that the
4        group policy's definition of disability violates
5        California law.

7 GRANTED.  However, the Court intends to instruct on a
8 definition of disability that is consistent with <u>Moore</u> and
9 <u>Erreca</u>.

11  10.   Motion to exclude evidence of other lawsuits,
12        complaints, demands, or judgments.

14 GRANTED.

16  11.   <u>Daubert</u> motion to exclude to exclude expert
17        testimony and evidence of opinions of Dr. Maria
18        Dall'Era.

20 GRANTED in part and DENIED in part.  Dr. Dall'Era may offer
21 medical opinions, but non-medical opinions, such as those
22 related to claims handling and vocational analysis, are
23 inadmissible.

25  12.   <u>Daubert</u> motion to exclude to exclude expert
26        testimony and evidence of opinions of Steven Prater.

1  GRANTED in part and DENIED in part.  Prater may offer
2  testimony that embraces the issue of bad faith, but he may not
3  give opinions as to his legal conclusion on the issue.  Prater
4  may also opine on insurance industry standards and Defendant's
5  compliance with those standards.

7     13.    Motion to exclude any opinions of Plaintiff's
8            treating physicians that were not formulated during
9            the course of treatment of Plaintiff.

11 GRANTED.

13                **PLAINTIFF'S MOTIONS IN LIMINE**

15  1.   Motion to exclude evidence and argument relating to any of
16       the reports of doctors who performed work in connection
17       with Plaintiff's claim for social security disability
18       benefits.

20 GRANTED.

22  2.   Motion to exclude evidence and argument related to either
23       of the two denials of Plaintiff's claim for social security
24       benefits that occurred before its ultimate approval.

26 GRANTED in part and DENIED in part.  Defendant may introduce
27 evidence of the denials if Plaintiff opens the door by introducing

1  evidence that her application for social security benefits was
2  ultimately granted.

4     3.   Motion to exclude evidence of disability claims approved by
5          Defendant.

7  GRANTED in part and DENIED in part.  Defendant may introduce
8  evidence of approved disability claims if Plaintiff opens the door
9  by introducing evidence of denied claims, so long as that evidence
10 was produced during discovery.

12    4.   Motion to exclude evidence or argument relating to certain
13         matters relative to Steven Prater, Plaintiff's claims
14         expert.

16 GRANTED.  The Court notes that expert reports will not be admitted
17 into evidence, though expert witnesses may testify to matters
18 contained in those reports.  Neither Prater, nor any other expert
19 witness may offer legal conclusions to the jury.

21    5.   Motion to bar Defendant from (1) offering into evidence any
22         facts or information that it did not possess at the time it
23         denied Plaintiff's claim and (2) utilizing any facts or
24         information it did not know at that time to support its
25         contention that is claims decision was reasonable.

27 GRANTED in part and DENIED in part.  Plaintiff's motion is DENIED
28 to the extent Defendant intends to introduce the evidence in

5

question in connection with Plaintiff's claim for breach of contract or to impeach Plaintiff's witnesses. In support of her bad faith claim, Plaintiff may introduce evidence not considered by Defendant prior to its denial, but only if Defendant could have discovered that evidence through a reasonable investigation.

    6.    Motion to exclude evidence that Plaintiff's prior position as redevelopment manager was or will be eliminated.

DENIED.

    7.    Motion to exclude evidence and argument that Plaintiff's disability could have been accommodated.

GRANTED in part and DENIED in part. To establish disability under the own occupation standard, Plaintiff must show that she was unable to perform with reasonable continuity the substantial and material duties necessary to pursue her usual occupation in the usual or customary way. Accommodations that would alter Plaintiff's substantial and material duties are irrelevant and therefore inadmissible. Whether or not working a certain number of hours per week was a substantial and material duty of Plaintiff's own occupation is an issue of fact for the jury to decide.

    8.    Motion to exclude Defendant from arguing that Plaintiff has failed to show that any other insureds have been injured by Defendant's claims practices.

DENIED.

9. Motion to exclude evidence or argument related to market conduct examination findings by the California Department of Insurance with respect to Civil Service Employees Insurance Company.

DENIED.

IT IS SO ORDERED.

January 10, 2014

_____
UNITED STATES DISTRICT JUDGE