United States District Court
For the Northern District of California

1

2

3

4

5          IN THE UNITED STATES DISTRICT COURT

6        FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8   CASSAUNDRA ELLENA,              ) Case No. 12-5401 SC
                                    )
9            Plaintiff,             ) ORDER RE: TESTIMONY OF STEVEN
                                    ) PRATER
10        v.                        )
                                    )
11  STANDARD INSURANCE COMPANY,     )
                                    )
12           Defendant.             )
                                    )
13                                  )
                                    )
14  _____ )

15

16       The Court held a pretrial conference in this matter on January

17  10, 2014.  At the hearing, the Court ordered that the case be

18  referred to a magistrate judge for a report and recommendation as

19  to specific testimony of the Plaintiff's expert, Steven Prater.

20  The Court hereby VACATES that Order.  Consistent with the Court's

21  Order on Defendant's motion in limine, ECF No. 163, Prater may

22  offer testimony that embraces the issue of bad faith, but he may

23  not give opinions as to legal conclusion on the issue.  The Court

24  provides additional guidance on Prater's testimony below.

25       Pursuant to Federal Rule of Evidence 702, "[e]xpert testimony

26  is properly admissible when it serves to assist the trier of fact

27  in understanding the evidence or determine a fact in issue."

28  United States v. Kuiken, 198 F. App'x 643, 646 (9th Cir. 2006).  An

expert's opinion "is not objectionable just because it embraces an ultimate issue." Fed. R. Evid. 702(a). However, "[e]xpert testimony is not proper for issues of law. Experts interpret and analyze factual evidence. They do not testify about the law . . . ." Crow Tribe of Indians v. Racicot, 87 F.3d 1039, 1045 (9th Cir. 1996).

Plaintiff offers Prater's testimony to assist the jury in determining whether Defendant violated established insurance standards when it evaluated Plaintiff's disability claim. Defendant moves to preclude Prater from testifying because his opinions constitute legal conclusions and cross the line between expert and advocate. Having reviewed Prater's expert report, the Court agrees that some of Prater's intended testimony crosses the line. However, the Court declines to exclude Prater from testifying altogether, since some of his testimony may assist the jury.

Many passages from Prater's expert report read like a summary judgment brief. At one point, Prater argues: "There's an abundance of evidence from which a reasonable jury could conclude that punitive damages are warranted in this case in order to punish, deter, and change [Defendant's conduct]." ECF No. 67-2 ("Prater Rep.") at 6. These statements are legal conclusions and the Court will preclude Prater from making such statements at trial. Prater's job is to provide the jury with information that will help them arrive at a verdict, not to tell them what that verdict should be. Prater's report also contains a number of paragraphs that analyze disability case law. It is the Court's duty, not the expert's, to instruct the jury on the law of the case.

**United States District Court**
For the Northern District of California

1       Further, Prater's report addresses a number of issues that do

2   not require scientific, technical, or other specialized knowledge

3   to understand.  He opines that Plaintiff "is a conscientious, hard-

4   working person who used her best efforts to do her job in a

5   professional manner."  <u>Id.</u> at 8.  He states that the fact that

6   disability benefits have been approved by the State of California,

7   the County of Sonoma, and the federal government should weigh in

8   favor of a finding that Plaintiff was disabled; however, he does

9   not opine that this is industry practice.  While these facts may be

10  relevant, it is unclear why Prater needs to explain them to the

11  jury.  Accordingly, Prater may not offer such testimony at trial.

12      In short, the Court intends to limit Prater's testimony to

13  insurance standards, practices, and procedures.  Prater may testify

14  about whether Defendant's conduct was inconsistent with those

15  standard practices.  However, he may not argue to the jury

16  concerning factual matters that do not require specialized

17  knowledge to understand.  Nor may he offer opinions concerning the

18  law.  Each of Prater's opinions should be tethered to the specific

19  practices of Defendant and his specialized knowledge of the

20  insurance industry.  He may not weigh the evidence for the jury or

21  provide a general opinion on whether all of Defendants practices,

22  taken together, rise to the level of bad faith conduct.

23

24      IT IS SO ORDERED.

25

26      January 16, 2014

27                                      UNITED STATES DISTRICT JUDGE

28